UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS BARTLETT,  )  <br>   Plaintiff,  )  <br>     v.   )  <br> CITY OF CHICAGO SCHOOL DISTRICT  )  <br> #299 and VALERIA NEWELL, Individually,  )  <br> and in her official capacity as Principal,  )  <br>   Defendants.  ) | No.:  <br> Judge:  <br> Magistrate Judge:  <br><br> Injunctive relief requested |

## COMPLAINT

**COMES NOW** Plaintiff DOUGLAS BARTLETT, by and through his attorney, Dmitry Feofanov of ChicagoLemonLaw.com, P.C., participating attorney with The Rutherford Institute, and complains against Defendants City of Chicago School District #299 and Valeria Newell, alleging as follows:

## INTRODUCTION

This is a suit for violation for Plaintiff's constitutional due process rights resulting from the overzealous application of political correctness. Plaintiff, a school teacher, showed to his students a pocket knife, as part of a curriculum-mandated "tool discussion." Other garden-variety tools Plaintiff used in the discussion were a box cutter, various wrenches, screwdrivers, and pliers. As a result of showing a pocket knife, Plaintiff was charged with bringing a weapon to school, and received a four-day suspension without pay. Plaintiff sues for money damages and to have this suspension expunged from his record. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for redress of the deprivation under color of statute, ordinance, regulation, custom or usage of certain rights secured to him by the Fourteenth Amendment to the United States Constitution and under the Illinois Constitution.

## JURISDICTION

1. This Court has original jurisdiction over this lawsuit given the federal questions of law presented herein. Specifically this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this case arises under the Fourteenth Amendment to the Constitution of the United States.

2. Plaintiff invokes supplemental jurisdiction over his state law claim against Defendants pursuant to 28 U.S.C. § 1367, as such claim forms a part of the same case or controversy.

3. This Court has personal jurisdiction over Defendants because Defendants are citizens of the State of Illinois.

4. Venue in this Court is proper under 28 U.S.C. § 1391 because: (a) Defendants reside within the Northern District of the State of Illinois; and, (b) the events giving rise to the instant action occurred within the Northern District of the State of Illinois.

## PARTIES

5. Plaintiff DOUGLAS BARTLETT is an adult individual who is and at all relevant times herein was a citizen of the State of Illinois, with his principal place of residence in Chicago, Illinois.

6. Defendant CITY OF CHICAGO SCHOOL DISTRICT #299 is a public school district duly organized and existing under the laws of the State of Illinois, and is the local governing entity for whom all other Defendants herein were acting when committing the acts herein alleged.

7. Defendant VALERIA NEWELL is and at all relevant times herein was employed by Defendant CITY OF CHICAGO SCHOOL DISTRICT #299 as Principal of Washington Irving Elementary School, 749 South Oakley Boulevard, Chicago, Illinois, 60612, 773-534-7295. In such capacity, Defendant Newell is responsible for administering and carrying out the policies and of the City of Chicago School District #299 and, with respect to certain matters, establishing policy for and on behalf of the City of Chicago School District #299.

8. Plaintiff is informed and believes and thereon alleges that at all relevant times herein, Defendant Newell was an agent, servant, employee, and/or supervisor in doing the things herein alleged, was acting within the course, scope and authority of said agency, or employment, and Defendants have ratified, authorized, and approved the acts of the other.

9. At all relevant times and for all actions herein alleged, all of the Defendants, and each of them, acted toward Plaintiff under color of law, including statutes, ordinances, customs and usages, of the State of Illinois and the City of Chicago School District #299, pursuant to the official policies of the District. Plaintiff sues Defendant Newell in her individual and official capacity.

10. Plaintiff is and was at all relevant times employed by Defendant City of Chicago School District #299 as a full-time Second-Grade instructor at Washington Irving Elementary School, a public school operated by Defendant District.

11. Plaintiff was employed by Defendant District for 17 years before the event at issue in this Complaint occurred.

12. On August 8, 2011, in connection with a required "tool discussion" included in his teaching curriculum, Plaintiff displayed to his second-grade students several garden-variety tools, including a box cutter, a 2.25" pocketknife, wrenches, screwdrivers, and pliers. The visual aids were used in an effort to facilitate student understanding and remembrance of the curriculum. As he displayed the box cutter and pocketknife, Plaintiff specifically described the proper uses of these tools. Neither of these items was made accessible to the students.

13. On August 19, 2011, an area observer made a complaint against Plaintiff. As a result of this complaint, Plaintiff was charged with possessing, carrying, storing, or using a weapon; negligently supervising children; inattention to duty; violating school rules; and repeated flagrant acts.

14. On September 27, 2011, after a hearing on the matter, Defendant Newell recommended that Plaintiff be subjected to a four-day suspension without pay.

15. The Notice of Disciplinary Action issued to Plaintiff on September 27, 2011, indicates that the disciplinary action taken against Plaintiff was based on Defendant Newell applying to Plaintiff, an instructor, the definition of "weapons" contained in the student handbook—a definition that properly applies only to *students*. Under the student handbook and in the Notice of Disciplinary Action, a "weapon" is defined as:

> Any object that is commonly used to inflict bodily harm, and/or an object that is used or intended to be used in a manner that may inflict bodily harm, even though its normal use is not as a weapon.

16. Plaintiff had no knowledge or advance notice that he, as an instructor,

4

could be subject to disciplinary action as a result of possessing common household tools in his classroom or using them as visual aids for the "tool discussion" mandated by the District's curriculum.

### FIRST CLAIM
### Fourteenth Amendment to the U.S. Const.
### Due Process Clause

17.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 set forth above.

18.     Plaintiff was afforded no advance notice that his actions as described herein could result in disciplinary action. The Due Process Clause of the Fourteenth Amendment protects the rights of citizens to be free from punishments imposed on the basis of conduct that they could not have known to be wrongful.

19.     Plaintiff's tools, and specifically the pocketknife, were not items "commonly used to inflict bodily harm," nor were they "used or intended to be used in a manner that may inflict bodily harm."

20.     Plaintiff had no intent to use or possess the items as "weapons," as opposed to mere tools.

21.     Plaintiff was never advised that the disciplinary provisions of the student handbook applied to instructors in the same fashion as they applied to students.

22.     As a direct and proximate result of the deprivation of Plaintiff's rights under the Due Process Clause, he has suffered humiliation, embarrassment, mental suffering, and lost wages, and was suspended for four days.

### SECOND CLAIM
### Ill. Const. Art. I, § 2
### Due Process

5

23. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-22 set forth above.

24. The due process clause of Ill. Const. Art. I, § 2 protects the rights of citizens to be free from punishments imposed on the basis of conduct that they could not have known to be wrongful.

25. As a direct and proximate result of the deprivation of the Plaintiff's right to due process under Ill. Const. Art. I, § 2, he has suffered humiliation, embarrassment, mental suffering, and lost wages, and was suspended for four days.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment against all Defendants for violation of Plaintiff's Due Process rights; that the Court order Defendants to pay to Plaintiff nominal and compensatory damages in an amount to be determined at trial, and expunge his suspension from his record; that the Court order Defendants to pay Plaintiff's attorney fees pursuant to 42 U.S.C § 1988, together with costs of this litigation; and that the Court order such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of twelve.

_____
Dmitry N. Feofanov
Participating Attorney for
THE RUTHERFORD INSTITUTE

CHICAGOLEMONLAW.COM, P.C.
404 Fourth Avenue West
Lyndon, IL  61261
Tel:   815/986-7303
Email:  Feofanov@ChicagoLemonLaw.com

6