**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS BARTLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 13-cv-2862 |
| | ) | |
| CITY OF CHICAGO SCHOOL DISTRICT #299, ET AL., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for judgment on the pleadings [26] filed by Defendants Board of Education of the City of Chicago.[1] For the reasons set forth below, the Court grants Defendants' motion [26].

## I. Background

Plaintiff Douglas Bartlett teaches second grade at Washington Irving Elementary School and has worked for the Board of Education of the City of Chicago, School District #299, for over seventeen years. On August 8, 2011, in connection with a required math lesson about counting money and mathematical toolkits,[2] Bartlett displayed several tools to his students. These tools included a box cutter, a 2.25" pocketknife, wrenches, screwdrivers, and pliers. As part of his demonstration, Bartlett also described the uses of the tools. Rochelle Bryant, an instructional

---

[1] Plaintiff has sued City of Chicago School District #299, but School District #299 is not a legal entity. See *Dass v. Chicago Board of Education*, 675 F.3d 1060, 1060 n.1 (7th Cir. 2012); 105 ILCS 5/34-2 (West 2010). Plaintiff is employed by the Board of Education of the City of Chicago.

[2] The lesson plan instructed teachers to ask their students about tools used by professionals—such as doctors and plumbers—and to discuss how those tools can be used.

specialist from the Board, was present in Plaintiff's classroom that morning and observed Plaintiff's demonstration.

On August 19, 2011, Defendant Valeria Bryant,[3] the principal at Washington Irving, notified Bartlett that a pre-discipline hearing had been scheduled at school for August 24, 2011, regarding the "tools" incident. Bartlett was charged with negligently supervising children; inattention to duty; violating school rules; repeated or flagrant acts; and possessing, carrying, storing or using a weapon on the job when not authorized to do so. During the hearing, Bartlett was represented by counsel and denied the charges. Principal Bryant served as the hearing officer. After the hearing, Bartlett supplemented the record with a written statement. On September 27, 2011, a Notice of Disciplinary Action was issued by Defendant Bryant. Bryant recommended that Bartlett receive a four-day suspension without pay, finding not credible Plaintiff's claim that the boxer-cutter and knife demonstration was a required component of the math lesson; that he failed to obtain permission to demonstrate use of the box-cutter and knife to his second grade students; and that he failed to maintain his box-cutter in a secure location that was inaccessible to his students.

Plaintiff appealed his suspension to the Board's Office of Employee Relations. The Office of Employee Relations convened a hearing on January 18, 2012, during which Plaintiff was represented by the Chicago Teachers Union. The administrative hearing officer upheld the four-day suspension, finding that (1) Bartlett admitted he showed the box cutter, knife, screwdriver, and other tools to students; (2) he kept the box cutter in the classroom; (3) he placed the box cutter on his desk, which was accessible to students; (4) a pocket knife, box cutter, and screwdriver are explicitly articulated as weapons in the student code of conduct, of which Bartlett, as a teacher, was aware; (5) Bartlett did not receive permission to have these items in his

[3] Valeria Bryant is improperly named in the caption of the complaint as Valeria Newell.

classroom; and (6) Bartlett's tool demonstration was beyond the scope of the lesson that he was to be teaching.

Bartlett's complaint asserts two claims against Defendants. Count I alleges that Bartlett was deprived of his right to due process of law under the Fourteenth Amendment. Count II asserts that the disciplinary action against him also violated the due process guarantee of Article I, Section 2 of the Illinois Constitution.

## II. Legal Standard for a Rule 12(c) Motion for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment after both the plaintiff's complaint and the defendant's answer have been filed. Fed. R. Civ. P. 12(c); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The Court takes all well-pleaded allegations as true, and after drawing all reasonable inferences in favor of the non-moving party, determines whether the complaint sets forth facts sufficient to support a cognizable legal theory. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013). As a general rule, "[a] complaint that invokes a recognized legal theory and contains plausible allegations on the material issues cannot be dismissed under Rule 12." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)). But "a complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c)." *Id.* at 637. That is, "[w]hen the complaint itself contains everything needed to show that the defendant must prevail on tan affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)."

If "matters outside the pleadings are presented to and not excluded by the court," the Rule 12(c) motion "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court may, however, take judicial notice of documents that are part of the public

record without triggering the operation of Rule 12(d), including pleadings, orders, and transcripts from prior proceedings in the case. *Scherr*, 703 F.3d at 1073 (citing *Gen. Elec. Capital Corp. v. Lease Res. Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997).

## III. Analysis

### A. Fourteenth Amendment Due Process Claim (Count I)

In Count I, Plaintiff asserts a § 1983 claim for violation of his due process rights,[4] claiming that Defendants violated his due process rights by failing to provide advance notice that his actions could result in disciplinary action and by unfairly suspending him for four days without pay. Specifically, Bartlett maintains that he was not aware that he would be subject to a provision of the school's student handbook dealing with, and defining, a "weapon" because he is instructor at Washington Irving Elementary School, not a student.

The Fourteenth Amendment imposes constraints on government actions which deprive an individual of "liberty" or "property" interests within the meaning of the Due Process Clause. See *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). To assert a violation of the Due Process Clause, Plaintiff must be able to show that he had a "property interest" and that he was deprived of this interest without due process of law. See *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003) (citing *Bishop v. Wood*, 426 U.S. 341, 343 (1976)). Property interests are not created by the United States Constitution; "[r]ather they are created and their dimensions are defined by

---

[4] In order to state a claim under § 1983, Plaintiff must allege that the Defendants were acting under color of state law when they deprived him of a constitutional right. See *Estate of Sims ex rel Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (citing *Christensen v. County of Boone, Illinois*, 483 F.3d 454, 457 (7th Cir. 2007)). "Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may be enforced." *Bublitz v. Cottey*, 327 F.3d 485, 488 (7th Cir. 2003) (citing *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997)). To allege a § 1983 violation, Plaintiff must do more then make a general allegation that his constitutional rights were violated; he must allege a deprivation of a specific constitutional right. See *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990) (citing *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 379 (7th Cir. 1988)). Defendants admit that they acted under color of state law.

existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Moore v. Muncie Police and Fire Merit Com'n*, 312 F.3d 322, 326 (7th Cir. 2002) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). For example, in the context of fired public employee bringing a procedural due process claim against his employers, the Seventh Circuit has stated that "[a] property interest in continued employment 'can be created in one of two ways, (1) by an independent source such as state law securing certain benefits; or (2) by a clearly implied promise of continued employment.'" *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010) (citing *Phelan*, 347 F.3d at 681); see also *Lee v. County of Cook*, 862 F.2d 139, 141 (7th Cir. 1988); *Krieg v. Seybold*, 481 F.3d 512, 519-20 (7th Cir. 2007). Plaintiff bears the burden of proving that he had a property interest in his employment as a public school teacher. See *Krieg v. Seybold*, 481 F.3d 512, 520 (7th Cir. 2007) (holding plaintiff bears the burden of showing that he had a property interest in his job arising out of a state statute, state or municipal regulations, or a contract with a public entity).

Here, Bartlett is a tenured teacher and under Illinois law he may not "be removed except for cause." 105 ILCS 5/34–85; see also *Townsend v. Vallas*, 256 F.3d 661, 673 (7th Cir. 2001). Consequently, Bartlett had a protected property interest from, at a minimum, not being fired from his teaching position. *Id*.; see also *Gleason v. Board of Educ. of City of Chicago*, 792 F.2d 76, 79 (7th Cir. 1986); *Dusanek v. Hannon*, 677 F.2d 538, 542 (7th Cir. 1982) ("Dusanek's position as a tenured teacher was sufficient to create an entitlement to a property interest under the law of Illinois."). Even though Bartlett was not fired—rather, he was suspended for four days without pay and his record now reflects that he was disciplined for his conduct in August 2011—Seventh Circuit precedent instructs that a plaintiff has a protectable property interest "if

he had been suspended for however short time without full pay." *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993). Thus, on these facts, the Court concludes that Plaintiff has alleged a protectable property interest with respect to his suspension.

Plaintiff claims in his response brief that his "due process claim is not based on a violation of fundamental rights or actions that 'shock the conscience." See Pl.'s Resp. at 6. He also did not label his claim as one for procedural due process nor did he respond directly to Defendant's argument regarding procedural due process. Instead, Plaintiff argues that his due process rights were violated because he did not have notice that his conduct could subject him to potential discipline and that he had no notice that a knife and box cutter were included in the Board's definition of "weapon" because that term was not defined in the Board's Employee Discipline and Due Process Code (rather only in the Board's Student Code of Conduct).

Plaintiff's pleading has made it difficult to decipher what he is actually claiming. If he is claiming a violation of procedural due process, an "essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (internal quotation marks and citation omitted). The core requirement of the Due Process Clause is that an individual is heard before being deprived of life, liberty, or property. See *Loudermill,* 470 U.S. at 542. Thus, if state or local law creates a property interest in public employment, then the protected employee is entitled to notice and an opportunity to be heard before being deprived of that employment. *Id.* at 542 (citations omitted).

Here, to the extent that Plaintiff is claiming a violation of procedural due process, Plaintiff has failed to plead that the Board's disciplinary process fell short of the Constitution's due-process requirements. Under the test set out in *Loudermill,* the Board was only required to

provide Plaintiff with oral or written notice of the charges, an explanation of the Board's evidence, and an opportunity to explain his actions. See *Loudermill*, 470 U.S. at 546 (citations omitted). All of these requirements were satisfied here. On August 19, 2011, 11 days after the classroom demonstration, Plaintiff received a Notice of Pre–Discipline Hearing, alerting him that a pre-discipline hearing was scheduled for August 24, 2011. The Notice specifically set forth the charges being brought against Plaintiff and Rochelle Bryant's account of the incident. He was given an opportunity to present his side of the story orally (through counsel) and to supplement the record. He received a Notice of Disciplinary Action after the hearing took place, which informed him of the Board's findings and his suspension. And he was given an opportunity to appeal, which he did. Because Plaintiff was given adequate notice and an opportunity to be heard, he has failed to state a procedural due process claim against the Board.

Turning to substantive due process, the Seventh Circuit has recently confirmed that the right "is very limited." *Viehweg v. City of Mount Olive*, --- Fed. Appx. ---, 2014 WL 1017100, at *2 (7th Cir. Mar. 18, 2014) (quoting *Tun v. Whitticker*, 398 F.3d 899, 900–02 (7th Cir. 2005). "This sort of claim is limited to violations of fundamental rights and employment-related rights are not fundamental; an alleged wrongful termination of public employment is not actionable as a violation of substantive due process unless the employee also alleges the defendants violated some other constitutional right or that state remedies were inadequate." *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010) (internal citations omitted); see also *Belcher v. Norton*, 497 F.3d 742, 753 (7th Cir. 2007); *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005). Without the violation of a fundamental right, Plaintiff must prove that public officials abused their power, and thereby violated substantive due process, with behavior that "shocks the conscience." *See Rochin v. California*, 342 U.S. 165, 172 (1952); *Viehweg*, 2014 WL 1017100, at *2;

*Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012). As previously set forth, Bartlett explicitly states that his due process claim "is not based on a violation of fundamental rights or actions that 'shock the conscience,' but is based upon the fundamental principle of notice required by the Due Process Clause." In short, the only claims available to Plaintiff under a substantive-due-process theory are ones based on a violation of fundamental rights or actions that shock the conscience, and he specifically disavows those sorts of claims.[5]

Instead, according to Bartlett, he was not given fair warning that he could be disciplined for showing and discussing the tools such as a knife and box cutter to his students, and that he had no reason to anticipate that the definition of "weapons" contained in the student handbook would be applicable to a teacher employing tools in connection with a classroom activity. Additionally, he contends that "garden-variety tools," such as knives and box cutters, are not objects "commonly used to inflict harm" or objects "used or intended to be used in a manner that may inflict bodily harm," and therefore he did not have notice that he could be disciplined for displaying these objects in class. As Bartlett notes, his grievance is really about notice, but as indicated above, he received all the notice he was due under the Due Process Clause.

As Defendants note in their reply brief, it may be that Plaintiff's real claim is a "void for vagueness" challenge to the Employee Discipline Code for failing to define "weapon," and/or failing to make clear that any limits on weapons at school applied to teachers as well as students. But Plaintiff's own case law notes that such a challenge arises out of the Fifth Amendment, not the Fourteenth Amendment. See *F.C.C. v. Fox Television Stations, Inc*., 132 S.Ct. 2307,

[5] Furthermore, Bartlett has not claimed that state-law remedies were inadequate, nor has he explicitly alleged a violation of a different amendment, such as a First Amendment violation. See *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010) (stating that substantive due process claim is limited to fundamental rights and wrongful termination of public employment is not actionable as a violation of substantive due process unless the employee also alleges the defendant violated some other constitutional right or state remedies were inadequate).

2317 (U.S. 2012) ("This requirement of clarity in regulation is essential to the protections provided by the Due Process Clause of the Fifth Amendment."); see also *United States v. Williams,* 553 U.S. 285, 304 (2008) ("Vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause of the Fifth Amendment."); see also *Brown v. Chicago Board of Educ.*, 2013 WL 5376570, at *10-11 (N.D. Ill. Sep. 25, 2013). Here, throughout his complaint and response, Plaintiff clearly and repeatedly alleges only a federal challenge under the Fourteenth Amendment. See Compl. at 1, 2 and 5; Pl.'s Resp. at 1, 6, and 13. Further, Plaintiff never references "void for vagueness" or "vague" in either his complaint or his response brief. Thus, it is unlikely that Plaintiff intended to bring anything other than a Fourteenth Amendment challenge. In any event, even if he had brought a Fifth Amendment claim, that challenge too would fail, as the only provision of the Employee Code that he takes issue with is the one that prohibits possession or storage of a weapon, and the record is clear that he was suspending for violating numerous provisions of the Code.[6]

[6] The void for vagueness doctrine rests on the due process principle that a law is unconstitutional "if its prohibitions are not clearly defined." *Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972). Since neither the student nor employee code reaches constitutionally protected conduct, to succeed on a vagueness challenge, Bartlett would need to show that the "weapon" rules—in either instance—are impermissibly vague as applied to him. *Village of Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 497 (1982); *Fuller v. Decatur Public School Bd. of Educ., School Dist. 61,* 251 F.3d 662, 667 (7th Cir. 2001). "Worth noting * * * is that flexibility or breadth should not necessarily be confused for vagueness." *Wiemerslage Through Wiemerslage v. Maine Tp. High School Dist. 207,* 29 F.3d 1149, 1151 (7th Cir. 1994). As framed by the Supreme Court, the inquiry is whether the rule defines the proscribed conduct "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983); see also *Roberts v. United States Jaycees,* 468 U.S. 609, 629 (1984) (a rule must contain a "reasonable degree of clarity" so that people of "common intelligence" can understand its meaning); *Fuller,* 251 F.3d at 666; *Gresham v. Peterson,* 225 F.3d 899, 907 (7th Cir. 2000). However, given the many difficult issues facing school administrators, a school's disciplinary rules need not be drafted as narrowly or with the same precision as criminal statutes. See *Bethel School Dist. No. 403 v. Fraser,* 478 U.S. 675, 686 (1986); *Fuller,* 251 F.3d at 667; *Wiemerslage,* 29 F.3d at 1152.

While differing views certainly exist as to whether a box cutter or a pocket knife could be considered a weapon (one need look no further than this case to appreciate that), teachers are responsible for modeling good behavior to students and the student code clearly prohibits box cutters and knives. Even if the

At best, Plaintiff has a grievance with Principal Bryant's conclusion that he violated school rules. After a hearing, at which he presented his version of the events—including his opinion that knives and box cutters used in these circumstances are not weapons—the principal found not credible his claim that the boxer-cutter and knife demonstration was a required component of the math lesson; that he failed to obtain permission to demonstrate use of the box-cutter and knife to his second grade students; and that he failed to maintain his box-cutter in a secure location that was inaccessible to his students. Plaintiff clearly disagrees with these findings, but his disagreement does not give rise to a viable constitutional claim. In *Wood v. Strickland*, the Supreme Court instructed federal courts as follows:

> It is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion * * * * § 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations. The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members and § 1983 was not intended to be a vehicle for federal court correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees.

420 U.S. 308, 326 (1975) (internal citations omitted). The principal, after giving Plaintiff all of the procedural due process that he was entitled to, concluded that Plaintiff did not use his classroom time wisely, that his "tools" were inappropriate for a second-grade classroom, and that leaving a box cutter on the desk, accessible to his second-grade students, was a violation of the Employee Code. It is not this Court's role to set aside that decision, given that Plaintiff was on notice that any *one* of the listed violations could result in discipline, was notified of the hearing, was given the opportunity to present his story before the principal reached her conclusion as to

---

student code does not apply to Plaintiff, he was aware of it, and thus his claim that he had no idea that box cutters and knives could be deemed weapons seems a stretch. In any event, as set forth infra, even if the school could have provided more guidance to teachers on what constitutes a weapon, concluding that Plaintiff exercised poor judgment in placing the box cutter on his desk during class cannot be a constitutional violation.

the evidence and the construction of the school regulations, and was permitted to appeal that decision. Even if the use of the box cutter and knife were acceptable practices—or at least not barred by a clearly articulated rule—the imposition of a four-day suspension for leaving such tools in a place accessible to second grade students was within the discretion of the school administrators and did not rule afoul of Plaintiff's constitutional rights.

**B. Claim based on the Illinois Constitution (Count II)**

In addition to his § 1983 claim, Plaintiff also sued Defendants violation of his rights under the Illinois Constitution (Count II). Because the Court has dismissed the only claim over which it has original jurisdiction, it must now address whether to retain jurisdiction over Plaintiff's state law claim. See 28 U.S.C. § 1367(c)(3). The Seventh Circuit consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additivies Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). Finding no justification for departing from that "usual practice" in this case,[7] the Court dismisses without prejudice Plaintiff's claim arising out of the Illinois Constitution.

---

[7] In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point to a federal decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id*. at 1251. That concern is not present here, however, because Illinois law gives Plaintiff one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to refile those claims in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Dismissal without prejudice also is appropriate here because substantial judicial resources have not been committed to the state law claim. *Wright*, 29 F.3d at 1251. Finally, this is not a circumstance in which "it is absolutely clear how the pendent claims can be decided." *Id*.

## IV. Conclusion

For these reasons, the Court grants Defendants' motion for judgment on the pleadings [26] as to Plaintiff's federal claim (Count I) and dismisses without prejudice the remaining state law claim (Count II).

Dated: April 17, 2014

Robert M. Dow, Jr.
United States District Judge